DAVID H. BERNSTEIN (CA Bar No. 336551)
**DEBEVOISE & PLIMPTON LLP**
650 California Street
San Francisco, CA 94108
Tel:   (415) 738-5700
Fax:  (415) 644-5628
Email:  dhbernstein@debevoise.com

JARED I. KAGAN (*pro hac vice* forthcoming)
ALESSANDRA G. MASCIANDARO (*pro hac vice* forthcoming)
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Boulevard
New York, New York 10001
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
Email:  jikagan@debevoise.com
Email:  amasciandaro@debevoise.com

Attorneys for Plaintiff
NOBODY STUDIOS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOBODY STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NOBODY MEDIA, LLC, <br><br> Defendant. | CASE NO. _____ <br><br> **COMPLAINT FOR DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §§ 2201, 2202** |

COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Nobody Studios, Inc. ("Nobody Studios" or "Plaintiff") by and through its undersigned attorneys alleges as follows for its Complaint against Defendant Nobody Media LLC ("Defendant"):

## Nature of the Action

1. This case raises the question of whether Defendant can exclusively monopolize NOBODY as a trademark. Nobody Studios is a crowd-infused venture studio that creates and incubates wholly- or majority-owned seed-stage companies. For three years, Plaintiff has used the NOBODY STUDIOS trademark to identify its mission: that any nobody can be a successful somebody when it comes to building and growing start-up companies. Nobody Studios brings this action for a declaration of non-infringement to lift the cloud that Defendant has cast—through threats and intimidation—over Nobody Studios' use of its NOBODY STUDIOS name, which is protected by a federal trademark registration.

2. Through a new model revolutionizing venture building, ownership and wealth creation, Nobody Studios' sole focus is building successful, early stage-companies through internal projects that are engineered to solve the world's problems. Nobody Studios uses crowd-funding to invite the public to invest in its venture studio. It uses that capital to build companies from scratch and to develop seed-stage companies that it acquires. Once the companies prove successful, Nobody Studios sells them and invests a portion of the proceeds into building the next round of revolutionary companies. Nobody Studios has 15 companies in development, with 9 at launch or ready for launch in 2023, and is ahead of its projection to achieve 100 companies over the next five years.



3. Defendant Nobody Media—a traditional advertising, marketing, and communications agency—has attempted to bully Nobody Studios into giving up its name and turning over its internet domain name and social media accounts; demanded payment of $25,000; petitioned the Trademark Trial and Appeal Board to cancel Nobody Studios' federal trademark registration; and threatened legal action for trademark infringement.

4. But Defendants' claims are baseless, and confusion is not likely between the parties and their respective brands. Unsurprisingly, there has been zero confusion in the last three years that the parties have co-existed. The parties operate different businesses and service different customers. Unlike Defendant's customers looking to market themselves or build out their social media presence, for example, Nobody Studios' customers are investors in its venture studio and buyers looking to purchase successfully grown businesses.

COMPLAINT FOR DECLARATORY RELIEF

5. Nobody Studios starts, incubates and grows businesses with the help of individual investors, as well as private equity and venture capitalists, who invest in Nobody Studios in order to fund its development of these businesses. Nobody Studios' investors have ranged from individuals with as little as $100 to invest to highly sophisticated executives such as former senior executives from Fortune 500 companies. None of these individuals invested in Nobody Studios under the mistaken belief that they were working with Defendant or receiving advertising agency services.

6. That is particularly true given that there are many companies that use NOBODY in their names in many different industries, including ANONYMOUS NOBODIES (an entertainment company), NOBODY DENIM (a clothing company), NOBODY RECORDS (a record label), NOBODY'S HERO (wine), ANOINTED NOBODIES (education services), NOBODY'S SKIN (skin care products), THE DOPEST NOBODY (songwriting and music production competitions), and UNKNOWN NOBODIES (a band), among others. There are even other NOBODY advertising agencies (such as WE ARE NOBODY and NOBODY ADVERTISING AGENCY) that do the same thing as Defendant and peacefully coexist in the marketplace without causing confusion, notwithstanding their use of the word NOBODY in their names. In contrast, Nobody Studios is not aware of any other venture incubation studio that uses NOBODY in its name.

7. Nobody Studios will not be bullied into abandoning the heart of its growing business: its name. This Court should grant a declaratory judgment of non-infringement to confirm Nobody Studios' ability to continue to operate free of Defendant's threats.

## Parties

8. Plaintiff Nobody Studios is a Nevada corporation with its principal place of business at 2738 Camino Capistrano, #5, San Clemente, California 92672.

COMPLAINT FOR DECLARATORY RELIEF

9. Defendant Nobody Media is a Delaware Limited Liability Company. On information and belief, its principal place of business is at 926 North St. NW Rear #3, Washington, D.C. 20001.

## Jurisdiction and Venue

10. This Court has original jurisdiction over the subject matter of this action under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a). There is an actionable justiciable controversy between the parties arising under at least the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*

11. Declaratory relief is proper under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57.

12. Personal jurisdiction is proper because, upon information and belief, Defendant regularly transacts, targets and conducts business nationwide, including to clients that operate in this District, and because Defendant sent a demand letter accusing Nobody Studios of infringement in this District.

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

## Nobody Studios:  A Crowd Infused Venture Studio

14. Nobody Studios is a crowd-infused venture studio—or company builder—that makes venture building, investing, and wealth creation available to everyone. Venture building, venture capital, and company creation are all key components of the startup economy. Yet as technology rapidly innovates, so too must the ways in which companies are built, funded, and operated. Too many people miss out, get marginalized or struggle to have the opportunity to contribute to the companies that will shape our future. More frustrating is that many contributors often fail to own a meaningful piece of the businesses they help create and succeed.

15. Nobody Studios aims to tackle these shortcomings by creating an organization whose sole focus is building successful, early stage-companies with

purpose, real-world value, and a human connection that are engineered to solve the world's problems.  It attracts world-class talent by providing financial upside to contributors to all of its portfolio companies regardless of which company they help launch.  Investors invest in Nobody Studios itself, which uses those funds to create new companies from scratch or to acquire seed-stage companies which it then develops.  Nobody Studios has started and incubated, among others, companies such as:

- *Parentipity*, a company that helps parents become content creates and incentivizes them to earn money for sharing their knowledge with others;
- *Ovationz*, an innovative talent marketplace that helps speakers and other talent to book and participate in virtual engagements with a few clicks of button; and
- *Webdelics*, a content site that provides education about the future of alternative plant-based medicines for mental health, addiction, anxiety, depression, and PTSD, and has been hailed as the "WebMD of Psychedelics."

16. Nobody Studios incubates its business projects with funds raised from individual investors as well as private equity and venture capitalists who invest directly in Nobody Studios.  Nobody Studios' investors have ranged from individuals with as little as $100 to invest to highly sophisticated executives such as current and former senior executives from prestigious companies such as Amazon, Alliant, AMD, American Airlines, Facebook, Riot Games, Google, HSBC, Mohegan Sun Hotel and Casino, Skype, Stripe, Twilio, Coca Cola, and Volkswagen; CTOs from global quant funds; international best-selling authors; and the owner of one of the largest influencer agencies.

COMPLAINT FOR DECLARATORY RELIEF

17. In 2021, the United States Patent and Trademark Office registered the NOBODY STUDIOS trademark for financial services (Reg. No. 6,531,839), and Nobody Studios is actively using it, *inter alia*, in connection with certain incubation services, such as providing financing to start-up businesses. The mark was registered after the Trademark Examiner found no conflicting marks, and without any challenge from Defendant. Nobody Studios also owns a pending application for NOBODY STUDIOS for venture studio services and financial services (App. Ser. No. 97/898,948).

18. Nobody Studios' trademark is central to its business's mission. For many, being able to invest in a venture studio or get involved in an early-stage company seems like a pipe dream. How can an everyday person—a "nobody"—climb the ranks in a capitalist society when most investment opportunities are out of reach for all but the already wealthy and start-up companies are predominantly created in areas like Silicon Valley?

19. Nobody Studios solves this problem. It makes investing and company-building accessible to a segment of the population to which such opportunities were traditionally unavailable. The name NOBODY STUDIOS signals to these customers that they, too, can be somebodies: successful investors and entrepreneurs who can meaningfully contribute to Nobody Studios' projects.

## Nobody Media: An Advertising Agency

20. Defendant Nobody Media is an advertising and communications agency specializing in social media content and consulting. It counts among its clients established companies and organizations including World Wrestling Entertainment, Inc., Verizon, the White House Historical Association, and AARP.

21. Since its inception, Defendant's business was designed to be an advertising, marketing, and communications agency that competes with other advertising, marketing, and communications agencies such as Wieden + Kennedy,

7
COMPLAINT FOR DECLARATORY RELIEF

Crispin Porter Bogusky, and Saatchi & Saatchi, not venture studios like Nobody Studios and other comparable companies such as High Alpha, Pioneer Square Labs, and Idealab.

22. Defendant does not develop and incubate new companies. Rather, Defendant offers its established clients a suite of digital marketing services, social media advertising, public relations strategies, graphic design, and event photography, among others:



### The Parties' Peaceful Coexistence With Other NOBODIES

23. Nobody Studios and Defendant peacefully coexist with other NOBODY brands that own registered trademarks across many industries, including ANONYMOUS NOBODIES for an entertainment company (Reg. No. 6,890,156);[1] NOBODY RECORDS for a record label (Reg. No. 3,527,008);[2] NOBODY DENIM for clothing (Reg. No. 6,523,389);[3] NOBODY'S HERO for wine (Reg. No. 5,706,830);[4] ANNOINTED NOBODIES for education services (Reg. No. 7,007,823);[5] NOBODY'S SKIN for skin care products (Reg. No.

---

[1] https://anonymousnobodies.com/
[2] https://www.nobodyrecords.com/
[3] https://nobodydenim.com/
[4] https://framingham.co.nz/collections/nobodys-hero
[5] https://www.theanointednobodies.com/

8

COMPLAINT FOR DECLARATORY RELIEF

7,019,981);[6] THE DOPEST NOBODY for songwriting and music production competitions (Reg. No. 6,556,486);[7] and UNKNOWN NOBODIES for the name of a band (Reg. No. 5,107,860).[8]

24. Defendant even peacefully coexists with at least two other advertising agencies that use the NOBODY name:

    a. WE ARE NOBODY[9] is a creative agency in Canada that provides social media management and creative design services to established businesses in Canada and the United States, among other countries, such as Fossil and Morilee Madeline Gardner.



    b. NOBODY ADVERTING AGENCY is an advertising agency with offices in offices in California (where Plaintiff has its principal place of business) and Nevada (where Plaintiff is incorporated). It owns multiple domain names that incorporate the word "nobody," including heynobody.com, getnobody.com, trynobody.com, and gonobody.com, and offers printing, marketing and design services.

---

[6] https://www.nobodysskin.com/
[7] https://www.youtube.com/channel/UC7UV7KRNDoIZ1W0s_Z4zRZg
[8] https://nobodies.xyz/
[9] https://www.wearenobody.ca/

NOBODY ADVERTISING

*NOBODY™
PRINTING | MARKETING | DESIGN

**Defendant's Threats and Bullying**

25. Despite the parties' different businesses and peaceful coexistence with each other—and with many other companies operating under the NOBODY name—Defendant has bullied and threatened Nobody Studios with legal action over its use of its NOBODY STUDIOS trademark.

26. Defendant sent a cease and desist letter to Nobody Studios on September 7, 2022, in which it alleged that Nobody Studios' NOBODY STUDIOS trademark presented a "strong likelihood of confusion" with Defendant's NOBODY mark (Reg. No. 4,944,331). Defendant demanded that Nobody Studios abandon its trademark registration, transfer its nobodystudios.com domain name and social media accounts to Defendant, change its name with the applicable state corporate registries, and pay Defendant $25,000, among other demands. Nobody Studios rejected Defendant's demands and explained that the businesses and consumers of the parties are different and that the parties' had peacefully coexisted for several years without any confusion.

27. On October 24, 2022, Defendant filed with the Trademark Trial and Appeal Board ("TTAB") a Petition to cancel Nobody Studios' federal trademark registration. Defendant alleged a likelihood of confusion between the NOBODY STUDIOS mark and Defendant's NOBODY mark as grounds for cancellation,

despite being unaware of any instance of actual confusion; the parties' different customers, products, and services; and the fact that the marks are registered in entirely different classes: NOBODY STUDIOS is registered in Class 36 (which covers financial services), while Defendant's NOBODY mark is registered in Classes 35 (which covers advertising and business services), 41 (which covers education and entertainment services), and 42 (which covers computer and scientific services).

28. On April 26, 2023, Nobody Studios' founder and CEO, Mark S. McNally, met by video conference with Defendants' principals Dylan French and James Nichols to discuss continued peaceful coexistence and to resolve the parties' dispute. Mr. McNally had hoped that speaking directly with Defendant would clear up any misconceptions that Defendant had about Nobody Studios' business and the illusory confusion that Defendant claimed. This personal outreach failed; Mr. French stated that there was nothing to talk about if Mr. McNally wanted to keep using the NOBODY name in any way. Mr. French threatened that Defendant had the resources to make this dispute expensive and painful for Nobody Studios, bragging that he had already written a "McLaren-sized" check to his attorneys to fight this. Mr. French stated that he was confident Defendant would win this dispute because they have successfully gotten other NOBODY companies to change their name in the past.

29. Following this conference, the parties engaged through counsel in settlement discussions. Defendant refused to participate in mediation and stated in no uncertain terms that it "will not accept any settlement that allows [Nobody Studios] to maintain its current registration for NOBODY STUDIOS or to use or register any mark that contains NOBODY for advertising, marketing, incubation, financial, education or other related services or goods." According to Defendant, "settlement discussions would be futile" unless Nobody Studios would agree to

11

COMPLAINT FOR DECLARATORY RELIEF

"cancel its registration and agree to permanently stop using NOBODY." Unlike others, Nobody Studios will not submit to Defendant's bullying tactics.

30. Although Nobody Studios had hoped that Defendant would reconsider its position after reflecting on the parties' discussions, Defendant indicated it would continue to pursue the TTAB action, and has done so.

31. Nobody Studios has now received significant investments and is poised to begin rapidly expanding; it cannot operate under Defendant's looming threat. There is no likelihood of confusion between the parties' brands and Nobody Studios brings this declaratory judgment action to vindicate its right to continue to use its trademark.

## There is No Likelihood of Confusion

32. An analysis of the eight factors for assessing likelihood of confusion articulated in *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir. 1961), demonstrates that there is no likelihood of confusion between the Parties' trademarks.

33. **Defendant's rights are limited**. Given the crowded field of NOBODY marks across a range of industries, Defendant's trademark rights are limited to the advertising services that it offers. And even then, its rights are diluted by other advertising agencies that use the NOBODY name such as WE ARE NOBODY and NOBODY ADVERTISING AGENCY.

34. **Nobody Studios and Defendant do not offer similar products or services.** As detailed above, Nobody Studios offers fundamentally different services to different customers from those that Defendant offers. Nobody Studios focuses on founding and growing new businesses, all of which Nobody Studios owns and into which Nobody Studios provides early-stage investment capital. Nobody Studios offers investment opportunities to venture capitalists and sophisticated institutional investors; Defendant offers no such opportunities.

COMPLAINT FOR DECLARATORY RELIEF

Defendant focuses on advertising and communications for established businesses, which are third-party companies paying Defendant for its services. In contrast, third parties cannot purchase services from Nobody Studios. No third party can pay Nobody Studios for advertising services; no third party can pay Nobody Studios to manage social media; and no third party can pay Nobody Studios to perform any of the other marketing, advertising or communications services that Defendant provides to its clients.

35. **It is unlikely that Defendant will bridge the gap into Nobody Studios' market.** Nothing in Defendant's history, business model, promotional materials, or communications with Nobody Studios suggests that it would start to offer entirely different services and start building companies from scratch.

36. **There is no evidence of actual confusion.** Nobody Studios is not aware of any instances of actual confusion and Defendant has admitted it is not aware of any either. This is not surprising given the different services that the parties offer and the different parties that they serve in a crowded field of many other NOBODY marks that offer a variety of services. The lack of a single instance of actual confusion over three years of coexistence is a strong indicator that confusion is unlikely.

37. **Nobody Studios adopted the NOBODY STUDIOS mark in good faith.** Nobody Studios adopted the NOBODY STUDIOS mark because the name resonates with its founder. Nobody Studios was unaware of Defendant or its business until it received Defendant's cease and desist letter. Nobody Studios has no intent to profit off of the goodwill of Defendant (nor could it given the different services the parties offer, the different customers they serve, and the crowded field of NOBODY marks).

38. **Nobody Studios offers high quality services to its customers.** Nobody Studios takes pride in its mission. Through the dedicated efforts of its

team, it already has 15 companies in development, with 9 at launch or ready for launch in 2023. This sets Nobody Studios ahead of its projection to achieve 100 companies over the next five years. This *Polaroid* factor is primarily concerned with whether the senior user's reputation could be jeopardized by virtue of the fact that the junior user's product is of inferior quality. Nobody Studios' goal-smashing success poses no such threat.

39. **Consumer sophistication renders confusion implausible.** Both Nobody Studios and Defendant serve sophisticated consumers. Nobody Studios' customers are investors looking to fund, grow, and profit from the sale of new businesses, and customers looking to purchase successfully grown businesses. Defendant's customers include established companies and organizations. No one is investing in Nobody Studios or working on one of its projects under the mistaken belief that they are working with Defendant or receiving advertising agency services. That is particularly true given that Nobody Studios provides anyone who invests in Nobody Studios with detailed documents and information that describe Nobody Studios' business model.

40. **The remaining *Polaroid* factor does not favor a likelihood of confusion.** While NOBODY and NOBODY STUDIOS share the word "Nobody," it is a common word that is shared by many different companies. Given the crowded field, the sophisticated consumers of the parties' services will know how to distinguish one NOBODY from another.

## CAUSE OF ACTION

(Declaration of No Infringement of Nobody Media's Registered Mark)

41. Nobody Studios repeats and realleges Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. The actions of Defendant described above present an actual ripe controversy between parties with genuine adverse interests.

COMPLAINT FOR DECLARATORY RELIEF

43. This Court should declare that Nobody Studios' use of its NOBODY STUDIOS mark does not infringe Defendant's trademark rights under section 32 of the Lanham Act, 15 U.S.C. § 1114, section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), under federal common law, and under state statutory and common law because there is no likelihood of confusion between the parties and their marks.

## PRAYER FOR RELIEF

WHEREFORE, Nobody Studios prays this Court for:

a) A declaration that Nobody Studios' use of its NOBODY STUDIOS mark does not constitute infringement of any of Defendant's trademarks under section 32 of the Lanham Act, 15 U.S.C. § 1114, section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), under federal common law, and under state statutory and common law.

b) A permanent injunction forbidding Defendant from any further attempts to cancel Nobody Studios' NOBODY STUDIOS trademark based on alleged likelihood of confusion.

c) An award of costs and Nobody Studios' reasonable attorneys' fees in this action.

d) Such other and further relief as this Court deems just and proper.

Dated: November 8, 2023

DEBEVOISE & PLIMPTON LLP

By:  /s/ David H. Bernstein
     David H. Bernstein

650 California Street
San Francisco, CA 94108
Tel: (415) 738-5700
Fax: (415) 644-5628
dhbernstein@debevoise.com

COMPLAINT FOR DECLARATORY RELIEF

Jared I. Kagan
  (*pro hac vice* forthcoming)
Alessandra G. Masciandaro
  (*pro hac vice* forthcoming)
66 Hudson Boulevard
New York, NY 10001
Tel: (212) 909-6000
Fax: (212) 909-6836

*Attorneys for Plaintiff
Nobody Studios, Inc.*

COMPLAINT FOR DECLARATORY RELIEF